UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

CASE NO.: 8:14-cr-394-T-24AEP

vs.

JUAN CARRASQUILLA-LOMBADA

_____/

**ORDER**

This cause comes before the Court on Defendant Juan Carrasquilla-Lombada's Renewed Motion for Judgment of Acquittal or in the Alternative for a New Trial (Dkt. 271), to which the government has filed a response (Dkt. 291). In the motion, Defendant renews his motion for judgment of acquittal as to count one of the indictment, which charged Defendant with conspiracy to possess with the intent to distribute five (5) kilograms or more of cocaine. In the alternative, Defendant asks the Court to order a new trial. The Court, having reviewed the motion and being otherwise advised, concludes that the motion should be DENIED.

**I.    BACKGROUND**

The September 17, 2014 indictment charged Defendant Carrasquilla-Lombada's and twelve others with (1) knowingly and willfully combining, conspiring and agreeing with each other to possess with the intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States in violation of 46 U.S.C. § 70503(a) and § 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii), and (2) knowingly and intentionally, while aiding and abetting each other, possession with the intent to distribute five kilograms or more of cocaine in violation of 46 U.S.C. § 70503(a) and § 70506(a), 18 U.S.C. § 2, and 21 U.S.C. § 960(b)(1)(B)(ii).

The government presented evidence and testimony from two cooperating co-conspirators, which established that Defendant was present on two occasions when cocaine was loaded onto the vessel (the Borocho). A post-arrest search of the Borocho and Defendant revealed that Defendant was in possession of $2100, which was linked to advance payments for his participation in the cocaine smuggling venture. At the close of the government's case, Defendant moved for a Federal Rule of Criminal Procedure 29 Judgment of Acquittal (Dkt. 230), which the Court denied (Dkt. 231). Defendant did not present any evidence or testimony.

At the conclusion of the trial, the jury found Defendant guilty as to count one (the conspiracy charge), specifically finding that the amount of cocaine involved in the offense was less than 500 grams and not guilty of count two (the substantive offense). Dkt. 256. After the Court published the verdicts, the jury was polled beginning with juror number one. Juror number one affirmed the verdicts but juror number two (also the foreperson) stated that there were incorrect verdicts as to the amount of cocaine involved in the offense for some of the defendants. The Court returned the verdict forms to the jury and permitted the jurors to return to deliberations in an effort to reach unanimous verdicts. The jurors returned a revised verdict as to Defendant Carrasquilla-Lombada as well as one of the other defendants that reflected the amount of cocaine involved in the conspiracy offense to be five (5) kilograms or more, rather than less than 500 grams. Dkt. 256. The Court again polled the jury and all stated that the revised verdicts represented their true and correct verdicts.

**II.     ANALYSIS**

Defendant asserts that the evidence presented at trial against him was insufficient to establish his knowledge of the cocaine. Defendant also challenges the reliability of the verdict as to both guilt and quantity involved.

"In considering a motion for the entry of a judgment of acquittal, a district court must view the evidence in the light most favorable to the government, and determine whether a reasonable jury could have found the defendant guilty beyond a reasonable doubt." United States v. Molina, 443 F.3d 824, 828 (11th Cir. 2006) (internal quotation omitted). "The prosecution need not rebut all reasonable hypotheses other than guilt" and "[t]he jury is free to choose between or among the reasonable conclusions to be drawn from the evidence presented at trial." Id. "The court must accept all reasonable inferences and credibility determinations made by the jury." Id.

Here, the Court finds that a reasonable jury could have found that Defendant had knowledge of the cocaine in order to find him guilty beyond a reasonable doubt as to the conspiracy charge and the quantity of five (5) kilograms or more based on the evidence presented at trial. Testimony established that Defendant was present on two occasions while cocaine was loaded onto the Borocho, that advance payments were to be sent to a relative of the Defendant's, and that Defendant had $2100 in his possession. This evidence is sufficient to sustain the jury's finding of guilt and the determination that he should be held accountable for five (5) kilograms or more of cocaine. Defendant's renewed motion for judgment of acquittal is DENIED.

Defendant seeks a new trial based on the "discrepancy" in the jury's verdict as to count one. As discussed, the jury originally returned a verdict that contained an error as to the amount of cocaine involved in the offense. Upon being polled, juror number two indicated that there had been an error in some of the verdicts. The Court permitted the jury to return to deliberations in an effort to reach a unanimous verdict. After the jury was allowed to continue their deliberations, they returned unanimous verdicts as to each defendant and as to each count. The jury found Defendant Carrasquilla-Lombada guilty of count one (the conspiracy charge) and that the amount

of cocaine involved in the offense was five (5) kilograms or more. Dkt. 256. Defendant did not move for a mistrial.

On a Federal Rule of Criminal Procedure 33 motion for a new trial, the court need not view the evidence in the light most favorable to the verdict. It may weigh the evidence and consider the credibility of the witnesses. United States v. Martinez, 763 F.2d 1297, 1312 (11th Cir. 1985). "Motions for new trial are disfavored," and the Eleventh Circuit has "directed that district courts grant them 'only in those really exceptional cases,' when '[t]he evidence ... preponderate[s] heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand.'" United States v. Lopez, 652 Fed. Appx. 891, 898 (11th Cir. 2014) (quoting Martinez, 763 F.2d at 1313). The decision to grant or deny a motion for a new trial is within the sound discretion of the trial court. Martinez, 763 F.2d at 1312.

Defendant relies upon United States v. Spitz, 696 F.2d 916 (11th Cir. 1983) for his argument that the Court should grant a new trial. In Spitz, the jury informed the court that it had reached a verdict, returned to the courtroom, and returned a guilty verdict. Id. at 917. At the defendant's request, the court polled the jury in the numerical order of their seating. Id. The first seven jurors agreed with the guilty verdict. Id. The eighth juror indicated that the verdict as published was not his verdict. Id. The court continued to poll the remaining jurors, all of whom agreed with the guilty verdict. Id. Although Federal Rule of Criminal Procedure 31(d) provides that "[i]f upon the poll there is not unanimous concurrence, the jury may be directed to return for further deliberation or may be discharged," the effect of what the Spitz court did, by continuing the poll for no reason, was to establish how the jurors stood numerically, which was per se error. Spitz, 696 F.2d at 917. The purpose of the rule is to insure that each member of the jury agrees with the verdict and to discover possible coercion. Id. The questioning of the remaining jurors

after juror number eight stated that the published verdict was not her verdict "could have been perceived as attempted coercion of [the juror]." Id. at 918. "The poll should have stopped as soon as lack of unanimity was revealed." Id.

In this case, as soon as lack of unanimity was revealed at the polling of the second juror, the Court stopped the polling and, pursuant to Rule 31(d), the jurors were directed to return for further deliberations. The jury once again announced they had a unanimous verdict and, upon returning to the Court room, the verdict was again published, the jurors were again polled, and all unanimously agreed with the verdict. The Court finds that there was no coercion. Defendant's motion for a new trial is DENIED.

### III.   CONCLUSION

Based on the foregoing, Defendant's Renewed Motion for Judgment of Acquittal/Motion for a New Trial is DENIED.

**DONE AND ORDERED** at Tampa, Florida, this 13th day of April, 2015.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

**Copies furnished to:**
Counsel of Record